UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP

  Greg A. Riolo
  One North Broadway, 15th Floor
  White Plains, New York 10601
  Tel. (914) 328-0404
  Fax (914) 328-1882

*Attorneys for Defendants Yeshivah of Flatbush*
*Joel Braverman High School,*
*Joel Littman, David Schwartz, Dennis Eisenberg,*
*Ronald Levy, Eli Kohn, Jill Sanders, and Raymond Harari*

-----------------------------------------------------------x

SHAYA KLECHEVSKY,

                       Plaintiff,

      -against-

YESHIVAH OF FLATBUSH JOEL
BRAVERMAN HIGH SCHOOL, JOEL
LITTMAN, DAVID SCHWARTZ, DENNIS
EISENBERG, RONALD LEVY, ELI
KOHN, JILL SANDERS, AND RAYMOND
HARARI,

                      Defendants.

Case No.:  09-04318 (DLI)(RLM)

-----------------------------------------------------------x

## ANSWER

      Defendants, Yeshivah of Flatbush Joel Braverman High School, Joel Littman, David Schwartz, Dennis Eisenberg, Ronald Levy, Eli Kohn, Jill Sanders, and Raymond Harari (hereinafter "Defendants"), by and through their undersigned attorneys, respectfully submits the following Answer to Plaintiffs' Complaint in connection with the above-captioned case.

## AS TO "PARTIES"

1. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 1 of Plaintiffs' Complaint.

2. Defendants admit the allegations set forth in Paragraph 2 of Plaintiffs' Complaint.

## AS TO PLAINTIFF'S "FIRST CAUSE OF ACTION-DEFENDANTS ENGAGED IN SEXUAL ORIENTATION DISCRIMINATION IN VIOLATION OF 42 USCS SECTION 1983"

3. Defendants deny the allegations set forth in Paragraph 3 of Plaintiffs' Complaint.

4. Defendants deny the allegations set forth in Paragraph 4 of Plaintiffs' Complaint.

5. Defendants deny the allegations set forth in Paragraph 5 of Plaintiffs' Complaint, except admit that Plaintiff was employed by Defendant Yeshiva of Flatbush ("Yeshiva") at certain times.

6. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7. Defendants deny the allegations set forth in Paragraph 7 of Plaintiffs' Complaint.

8. Defendants deny the allegations set forth in Paragraph 8 of Plaintiffs' Complaint.

9. Defendants deny the allegations set forth in Paragraph 9 of Plaintiffs' Complaint.

10. Defendants deny the allegations set forth in Paragraph 10 of Plaintiffs' Complaint, except admit Plaintiff posted comments on a public website on Defendant Yeshiva's time.

11. Defendants deny the allegations set forth in Paragraph 11 of Plaintiffs' Complaint, except deny that any such comments were made by Defendant Murphy.

12. Defendants deny the allegations set forth in Paragraph 12 of Plaintiffs' Complaint.

13. Defendants deny the allegations set forth in Paragraph 13 of Plaintiffs' Complaint.

14. Defendants deny the allegations set forth in Paragraph 14 of Plaintiffs' Complaint.

15. Defendants deny the allegations set forth in Paragraph 15 of Plaintiffs' Complaint.

16. Defendants deny the allegations set forth in Paragraph 16 of Plaintiffs' Complaint.

17. Defendants deny the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations set forth in Paragraph 18 of Plaintiffs' Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of Plaintiffs' Complaint.

20. Defendants deny the allegations set forth in Paragraph 20 of Plaintiffs' Complaint.

21. Defendants admit the allegations set forth in Paragraph 21 of Plaintiffs' Complaint.

## AS TO PLAINTIFF'S "SECOND CAUSE OF ACTION: VIOLATION OF NEW YORK ADMINISTRATIVE CODE SECTION 8-107(1) PROHIBITING DISCRIMINATION BASED ON SEXUAL ORIENTATION"

22. Defendants repeat and reallege each and every response to the allegations set forth in paragraphs 1 through 21 inclusive, with the same force and effect as if set forth at length herein in response to Paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of Plaintiffs' Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of Plaintiffs' Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 of Plaintiffs' Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of Plaintiffs' Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of Plaintiffs' Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of Plaintiffs' Complaint.

29. Defendants deny the allegations set forth in Paragraph 29 of Plaintiffs' Complaint.

30. Defendants deny the allegations set forth in Paragraph 30 of Plaintiffs' Complaint.

## AS TO PLAINTIFF'S
## "THIRD CAUSE OF ACTION: DEFAMATION"

31. Defendants repeat and reallege each and every response to the allegations set forth in paragraphs 1 through 30 inclusive, with the same force and effect as if set forth at length herein in response to Paragraph 31 of the Complaint.

32. Defendants deny the allegations set forth in Paragraph 32 of Plaintiffs' Complaint.

33. Defendants deny the allegations set forth in Paragraph 33 of Plaintiffs' Complaint.

34. Defendants deny the allegations set forth in Paragraph 34 of Plaintiffs' Complaint.

35. Defendants deny the allegations set forth in Paragraph 35 of Plaintiffs' Complaint.

36. Defendants deny the allegations set forth in Paragraph 36 of Plaintiff' Complaint, except admit Plaintiff was initially informed not to return to Defendant Yeshiva.

37. Defendants deny the allegations set forth in Paragraph 37 of Plaintiffs' Complaint.

38. Defendants deny the allegations set forth in Paragraph 38 of Plaintiffs' Complaint.

39. Defendants deny the allegations set forth in Paragraph 39 of Plaintiffs' Complaint.

40. Defendants deny the allegations set forth in Paragraph 40 of Plaintiffs' Complaint.

41. Defendants deny the allegations set forth in Paragraph 41 of Plaintiffs' Complaint.

42. Defendants deny the allegations set forth in Paragraph 42 of Plaintiffs' Complaint.

43. Defendants deny the allegations set forth in Paragraph 43 of Plaintiffs' Complaint.

44. Defendants deny the allegations set forth in Paragraph 44 of Plaintiffs' Complaint.

45. Defendants deny the allegations set forth in Paragraph 45 of Plaintiffs' Complaint.

### AS TO PLAINTIFF'S "FOURTH CAUSE OF ACTION- BREACH OF CONTRACT"

46. Defendants repeat and reallege each and every response to the allegations set forth in paragraphs 1 through 45 inclusive, with the same force and effect as if set forth at length herein in response to Paragraph 46 of the Complaint.

47. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 47 of Plaintiffs' Complaint.

48. Defendants deny the allegations set forth in Paragraph 48 of Plaintiffs' Complaint.

49. Defendants admit, upon information and belief, the allegations set forth in Paragraph 49 of Plaintiffs' Complaint.

## AS TO PLAINTIFF'S "FIFTH CAUSE OF ACTION- INTENTIONAL INFLECTION OF EMOTIONAL DISTRESS"

50. Defendants repeat and reallege each and every response to the allegations set forth in paragraphs 1 through 49 inclusive, with the same force and effect as if set forth at length herein in response to Paragraph 50 of the Complaint.

51. Defendants deny the allegations set forth in Paragraph 51 of Plaintiffs' Complaint.

52. Defendants deny the allegations set forth in Paragraph 52 of Plaintiffs' Complaint.

53. Defendants deny the allegations set forth in Paragraph 53 of Plaintiffs' Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

54. Plaintiffs' Complaint should be dismissed because it fails to state a claim, in whole or in part, upon which relief should be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

55. Plaintiffs' Complaint fails to state a claim, in whole or in part, upon which compensatory, punitive, or liquidated damages may be awarded.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

56. At all times relevant hereto, Defendants acted in good faith and has not violated any rights which may be secured to Plaintiffs under any federal, state, or local laws, rules, regulations or guidelines.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

57. Plaintiffs' claims for harassment, discrimination and/or retaliation are barred and/or any recovery of damages is precluded because Defendants exercised reasonable care to prevent and correct promptly any alleged harassing behavior.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

58. Plaintiff's claims are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of the Defendants' preventive and/or corrective procedures or opportunities, or otherwise failed to avoid harm.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

59. Defendants did not condone, acquiesce, abet or in any manner encourage any unlawful conduct.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

60. Defendants' actions regarding Plaintiff were at all times based upon legitimate, non-discriminatory reasons.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

61. Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provisions of the New York Workers' Compensation Laws.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

62. Plaintiff's Complaint should be dismissed and the demands for relief stated therein should be denied because Plaintiff has failed, in whole or in part, to mitigate the damages allegedly suffered.

WHEREFORE, Defendants requests this Court to:

1. dismiss Plaintiffs' Complaint and all claims for relief set forth therein; and

        2.      grant such other and further relief as this Court may find to be just and proper, including reimbursement for the attorneys' fees and costs incurred in defending this meritless and vexatious action.

Date:  November 25, 2009
       White Plains, NY

                              JACKSON LEWIS LLP
                              One North Broadway, Suite 1502
                              White Plains, New York 10601
                              (914) 328-0404 Telephone
                              (914) 328-1882 Facsimile

By:  _____
                              Greg Riolo
                              riolog@jacksonlewis.com

                              *ATTORNEYS FOR DEFENDANTS*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
SHAYA KLECHEVSKY,

                              Plaintiff,

        -against-

YESHIVAH OF FLATBUSH JOEL
BRAVERMAN HIGH SCHOOL, JOEL
LITTMAN, DAVID SCHWARTZ, DENNIS         Case No.: 09-04318 (DLI)(RLM)
EISENBERG, RONALD LEVY, ELI
KOHN, JILL SANDERS, AND RAYMOND
HARARI,

                             Defendants.
------------------------------------------------------------X

## CERTIFICATE OF SERVICE

       Greg A. Riolo, an attorney duly admitted to practice law in this State, hereby affirms, under penalty of perjury, that a true and correct copy of Defendants' Answer has been served via ECF on November 25, 2009 on counsel for Plaintiff listed below:

Tammy M. Harris, Esq.
The Law Office of Tamara M. Harris PLLC
1115 Broadway, 12th Floor
New York, NY 10011
*Attorney for Plaintiffs*

                                                          Greg Riolo